IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY A. JOHNSON, JANE E. JOHNSON, | ) ) ) |
| Appellants, | ) ) |
| v. | ) CIVIL NO. 11-CV-601-WDS ) |
| RJM ACQUISITIONS, LLC, | ) ) ) |
| Appellee. | ) |

### ORDER

**STIEHL, District Judge:**

This case is before the Court on appeal from a Bankruptcy Court Order. Specifically, before the Court is appellants' brief (Doc. 5) requesting that this Court reverse the finding of the Bankruptcy Court in its Order dated June 7, 2011, which awarded only partial damages to appellants in response to their request for sanctions against appellee RJM Acquisitions, LLC ("RJM") as a result of RJM's violation of the automatic stay. Alternatively, appellants ask this Court to remand this issue for further findings as to the amount of damages incurred by the appellants in this case. Appellee has filed nothing since the filing of this appeal.

Before proceeding to the merits of this appeal, however, the Court notes a number of issues which need resolution. First, the appellee, RJM, has not entered an appearance in this appeal, nor has it filed any pleadings. The Court notes that an attorney of record is not listed, but instead, the docket sheet reflects that RJM is proceeding *pro se*. RJM is a limited liability company, and cannot litigate *pro se*, but must be represented by a lawyer. *See United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). Furthermore:

> There are many small corporations and corporation substitutes such as limited liability companies. But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary, . . . , and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits.

*Id*. (internal citations omitted). Based upon this rule, RJM is **DIRECTED** to have an attorney enter an appearance on its behalf, on or before **January 13, 2012.**

The second issue is that appellants filed their brief (Doc. 5) with a certificate of service noting that the brief was served "on all parties via the Court's CM/ECF electronic notice system." RJM does not have an electronic mail address noted on the docket sheet, however, and therefore could not have been served via the Court's CM/ECF electronic notice system. The Court notes that appellants served their motion at Doc. 3 to RJM via U.S. Mail, but did not do so with its other pleadings. Accordingly, appellants are **DIRECTED** to serve all documents which have not been appropriately served upon appellee in a manner in which the appellee can receive the documents, and file a certificate of service with this Court that they have done so, on or before **January 9, 2012**.

In light of the fact that appellee may not have received a number of documents in this proceeding, the Court will **HEREBY** sets a new briefing schedule as follows:

Appellee's brief is due on or before **January 31, 2012.** Appellants' reply brief, if any, is due on or before **February 14, 2012.**

The Clerk of the Court is **DIRECTED** to mail a copy of this Order, via U.S. Mail, to Appellee, RJM Acquisitions, LLC.

**IT IS SO ORDERED.**

**DATE:  January 4, 2012**

                                              **/s/  WILLIAM D. STIEHL**
                                                   **DISTRICT JUDGE**