# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY A. JOHNSON, JANE E. JOHNSON, | )<br>)<br>) |
| Appellants, | )<br>) CIVIL NO. 11-CV-601-WDS |
| v. | )<br>) |
| RJM ACQUISITIONS, LLC, | )<br>) |
| Appellee. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is appellants' brief (Doc. 5), to which appellee filed a response (Doc. 13), and appellants a reply (Doc. 14). Appellants request that this Court reverse the bankruptcy court's order dated June 7, 2011, which awarded only partial damages to appellants as a result of their request for sanctions against appellee RJM Acquisitions, LLC ("RJM") based on RJM's violation of the automatic stay. Alternatively, appellants ask this Court to remand this issue for further findings as to the amount of damages incurred by the appellants in this case. RJM, in its response, asks the Court to find the bankruptcy court's order void because RJM was not properly served with notice of appellants' motion for sanctions or notice of the hearing in violation of its due process rights, and because appellants lack standing to assert this claim. Alternatively, RJM asks the Court to find that RJM did not willfully violate the stay and that no damages should have been entered, or to deny appellants' request to increase or otherwise alter the bankruptcy court's damages award.

## BACKGROUND

On January 6, 2011, appellants filed a petition seeking relief pursuant to Chapter 7 of the Bankruptcy Code. Appellants assert that RJM received notice of the filing via automatic email notification, and that RJM also received notice of appellants' bankruptcy filing as a result of being listed on the credit matrix. RJM denies receiving any notice of the bankruptcy filing. On February 2, 2011, RJM sent appellants a letter offering four "opportunities," or options for repayment, including three settlement options and one option to make monthly payments until the account was paid in full. Appellants make no indication that they paid any amount to RJM as a result of receiving this letter.

Based upon appellants receipt of this single communication from RJM, appellants filed a motion pursuant to 11 U.S.C. § 362(a) seeking sanctions including attorney's fees, compensatory damages, and punitive damages for RJM's alleged willful violation of the automatic stay. RJM denies receiving service of this motion and denies receiving the bankruptcy court's notification of the hearing.

The bankruptcy court held a hearing on May 24, 2011, but no evidence was taken, and instead, the facts were presented by offer of proof. RJM claims it did not attend the hearing because it was unaware that it was taking place. At the hearing, appellants' attorney stated the following: (1) his clients were under stress as a result of their financial condition; (2) that one of his clients recently started taking medication to control hypertension; (3) the letter demanding payment was sent a month after the bankruptcy petition had been filed, and the letter aggravated the clients' stress level; (4) RJM is a frequent participant in the bankruptcy court; and (5) his clients should be awarded fees including the fee affidavit presented amounting to $540, plus time for his attendance

at the hearing, lost wages for the time his clients spent at the hearing, and emotional distress damages. The appellants' attorney also expressed frustration at routinely having to send out cease and desist letters to creditors who have notice of bankruptcy filings but attempt to collect anyway, and his belief that the creditor should be held responsible for ensuring the automatic stay is not violated, instead of the responsibility and costs falling onto the debtors.

The bankruptcy court awarded damages in the amount of $540.00 for attorney's fees incurred as a result of RJM's violation of the stay. The court did not award damages for counsel's or the appellants' attendance at the hearing, for appellants' lost wages for time spent at the hearing, or for emotional distress damages related to appellants' health. At the hearing, the bankruptcy court reasoned that "sometimes creditors will send out notices that technically violate the stay," but that in our increasingly electronic world, mistakes can happen. The court stated that if such a mistake occurs only once, the amount awarded is sufficient, but it would reconsider its decision if the same creditor continued to violate the stay.

Appellants frame the issues before the Court as follows: (1) did the bankruptcy court apply the correct legal standard in awarding damages for violation of the automatic stay; (2) was the bankruptcy court's determination regarding the amount of damages clearly erroneous; and (3) did the bankruptcy court commit clear error by failing to hear evidence of the debtors' emotional distress resulting from violation of the automatic stay?

RJM, frames the issues on appeal differently: (1) did the bankruptcy court have the authority to issue sanctions against RJM; and (2) if so, did the bankruptcy court abuse its discretion in awarding sanctions of $540?

## JURISDICTION

### I.  Jurisdiction Over the Appeal

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts.  "In the bankruptcy context, however, finality does not require a final order concluding the entire bankruptcy proceeding; certain orders entered prior to the conclusion of the bankruptcy proceeding will be deemed final." *In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000).  Specifically, if the bankruptcy order "terminates a discrete dispute that, but for the bankruptcy, would be a stand-alone suit . . . the order will be considered final and appealable." *Id*.  "Generally, orders finding violations of the automatic stay and imposing sanctions are final appealable orders." *In re Heghmann*, 316 B.R. 395, 400 (B.A.P. 1st Cir. 2004); *see also Matter of Wade*, 991 F.2d 402, 406 (7th Cir. 1993).

The Court is satisfied that the bankruptcy order awarding appellants' damages as a result of RJM's violation of the stay finally resolves a discrete issue, and therefore, this Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1).

### II.  Consideration of Particular Issues

The Court must consider another preliminary issue before considering the merits of the appeal.  Namely, RJM raises issues in its response that it wishes the Court to consider, but were not raised in a notice of appeal[1] or cross appeal, (let alone a statement of issues on appeal and

---

[1] Under Fed. R. Bankr. P. 8002(a):

> The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from.  If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.

4

designation of the items to be included in the record on appeal),[2] nor were they raised before the bankruptcy court.

"Failure to timely file a notice . . . divests the district court of jurisdiction over the appeal and mandates dismissal of the appeal." *Martin v. Bay State Mill. Co.*, 151 B.R. 154, 155 (N.D. Ill. 1993). Where, as here, appellants filed a timely notice of appeal and appellee did not, but appellee raises separate issues, the court may consider issues that are "inferable" from the issues listed on appellants' notice, and those issues are not necessarily deemed waived. *In re Bracewell*, 322 B.R. 698, 701 (M.D. Ga. 2005). In other words, "as long as an issue is inferable, then Rule 8006 is not intended to bind either party to the appeal as to the issues that are to be presented." *Id*. at 701-02 (internal quotation omitted).[3] Similarly, issues that were not properly raised in the court below

---

[2] Under Fed. R. Bankr. P. 8006:

> Within 14 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross appellee may, within 14 days of service of the cross appellant's statement, file and serve on the cross appellant a designation of additional items to be included in the record.

[3] The court in *Bracewell* adopted approaches from a number of courts to develop a test for determining whether an issue is inferable, which this Court finds instructive:

> [A]n issue not listed in a Rule 8006 Issue Statement is inferable under the following circumstances. First, the issue must have been raised in the bankruptcy court because an appellate court generally will not consider issues not adjudicated below. Second, and in conjunction with the previous point, the issue must not require the court to make any independent factual findings. Third, the issue must present no surprise to the other litigant.

cannot be raised for the first time on appeal, and are deemed waived. *See Broaddus v. Shields*, 665 F.3d 846, 853 (7th Cir. 2011), *citing LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 943 (7th Cir. 2010), *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720 (7th Cir. 2008). Accordingly, the only issues properly before this Court are those raised in appellants' notice of appeal, any additional issues that may be inferred therefrom, and any issues which are not subject to waiver in accordance with the aforementioned rules.

In its response brief, RJM raises issues concerning (1) whether appellants had standing to assert a motion for sanctions; (2) the bankruptcy court's authority to issue sanctions in that RJM alleges that the appellants failed to properly serve their motion for sanctions on RJM by failing to name an agent and sending the notice to the wrong address, violating RJM's due process rights; and (3) whether appellants' claim for damages is barred by *res judicata* because the appellants waited until after the Court issued a no asset discharge order before they sought actual damages for violation of the stay.[4]

### A. STANDING

Appellee claims that appellants lacked standing to file a motion for sanctions. While certain issues cannot be raised for the first time on appeal, "[s]tanding represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Nat'l Org. for Women, Inc. v. Sheidler*, 510 U.S. 249, 255 (1994). "[I]t is well settled that standing is not subject to waiver

---

*In re Bracewell*, 322 B.R. 698 at 702 (internal citations omitted).

[4]Appellee argues in passing that appellants should have filed their request for sanctions as a separate complaint instead of as a motion. This argument is without merit. *Thompson v. Gen. Motors Acceptance Corp., LLC*, 566 F.3d 699, 701 n.1 (7th Cir. 2009). "Mere procedural miscues differ from jurisdictional deficiencies." *Id*. This Court has already determined that it has jurisdiction over this appeal, and the Court need make a determination as to whether appellants should have filed their motion for violation of the stay as a complaint. *Id.*

or forfeiture." *Freedom From Religion Found., Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008). Federal courts have a duty to examine their own jurisdiction, and any party seeking relief in the federal courts must have standing. *Id.* Accordingly, although this issue was not raised below, the issue of standing is a jurisdictional requirement not subject to waiver, and therefore appellee is not precluded from raising it now, and this Court must consider this issue before proceeding to the merits of the appeal. Specifically, appellee asserts that appellants lacked standing to assert an action for damages because they did not show actual damages, and because once they filed their Chapter 7 bankruptcy petition, only the bankruptcy trustee could sue or be sued. (Doc. 13 at 9, *citing Esparza v. Costco Wholesale Corp.*, No. 10 cv 5406, 2011 WL 6820022 at *3 (N.D. Ill. Dec. 28, 2011).

"Generally, all that is required to demonstrate Article III standing is injury in fact plus redressability." *Kochert v. Greater Lafayette Health Serv., Inc.*, 463 F.3d 710, 714 (7th Cir. 2006) (internal quotation omitted). Bankruptcy standing, however, "is narrower than Article III standing," in that a party must have a pecuniary interest in the outcome to have standing. *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998). "Chapter 7 debtors[] rarely have such a pecuniary interest because no mater how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." *Id*.

In particular circumstances, however, "[c]ase law . . . supports standing to invoke a statute where the person invoking it is one whom the statute is intended to protect." *In re Radcliffe*, 390 B.R. 881, 888 (N.D. Ind. 2008). Appellants here invoked Section 362(k), which provides that: "[A]n *individual* injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover

7

punitive damages." 11 U.S.C. § 362(k)(1) (emphasis added). "The term 'individual' applies only to human debtors." *In re Material Corp. Inc.*, 206 B.R. 933, 938 (Bankr. N.D. Ill. 1996). Further, because the statute itself "refers to an 'individual' rather than a particular party, its protections are not limited to the bankruptcy estate." *In re Radcliffe*, 390 B.R. at 888. In fact, a number of courts have held that a trustee is not an individual and therefore lacks standing to collect damages under 11 U.S.C. § 362(k)(1), *In re Glenn*, 379 B.R. 760, 764 (Bankr. N.D. Ill. 2007), thereby directly refuting appellee's claim that only the trustee had standing to file a motion for sanctions.

Additionally, appellants, in their motion, sufficiently stated general allegations of injury resulting from appellee's conduct, which sufficed to establish injury for standing purposes. *Nat'l Org. for Women, Inc.*, 510 U.S. at 256.

The statute is intended to protect the debtor from creditors actions after the debtor has filed a petition for bankruptcy, and appellants sufficiently alleged injury. The Court **FINDS**, therefore, that appellants had standing to file a motion for relief pursuant to § 362(k)(1).

### B. NOTICE

Appellee asserts that its due process rights were violated because it did not receive proper service of the appellants motion for sanctions pursuant to Fed. R. Bankr. P. 7004,[5] nor did it receive

---

[5]Under Fed. R. Bankr. P. 7004:

(a) Summons; service; proof of service

(1) Except as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (l), and (m) F.R.Civ.P. applies in adversary proceedings. Personal service under Rule 4(e)-(j) F.R.Civ.P. may be made by any person at least 18 years of age who is not a party, and the summons may be delivered by the clerk to any such person.

. . .

(b) Service by first class mail

notice of the hearing on the motion. Specifically, appellee claims that the certificate of service attached to appellants' motion for sanctions states that the motion was mailed via United States mail to RJM, but it was not mailed to the attention of an appropriate agent[6] as required, and that the address was incorrect because the suite number was wrong. This Court will consider appellee's due process arguments, in that it is presumably arguing that the judgment is void due to a jurisdictional defect. Such an argument is inferable from appellants notice of appeal in that it particularly relates to the bankruptcy court's ability to make a final determination on the motion for sanctions.

Service in accordance with bankruptcy procedural rules is an issue of fact for the bankruptcy court to decide, and this argument is waived on appeal because appellee did not raise the issue below or file a notice of appeal including this issue. *See Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009).

"A motion for sanctions under § 362(h)[7] is a contested matter governed by Bankruptcy Rule

---

> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> . . .
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

[6]Under Fed. R. Bankr. P. 9014, a "motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." Under Fed. R. Bankr. P. 7004(b)(3), service may be made by first class mail "upon a domestic . . . corporation . . . , by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

[7]11 U.S.C. § 362(h) was redesignated as 11 U.S.C. 362(k) by way of the 2005 Amendments to the statute.

9

9014. Rule 9014 requires that 'the motion shall be served in the manner provided for service of a summons and complaint [for adversary proceedings] by Rule 7004[.]'" *Patton v. Shade*, 263 B.R. 861, 865 (C.D. Ill. 2001), *quoting* Fed. R. Bankr. P. 9014.

A judgment can be found void based upon "a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1377 (2010). Particular procedural rules adopted by the bankruptcy court "for the orderly transaction of business" are not necessarily jurisdictional. *Id.* The Supreme Court reasoned that where a party failed to serve a summons and complaint in the manner required by the bankruptcy rules for the commencement of an adversary proceeding, the failure deprived the opponent of a right granted by a procedural rule, and did not amount to a violation of due process. *Id.* at 1378. "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Id.* (internal quotation omitted). Due process does not require actual notice. *Id.*

Even assuming that appellants' attempts at notice did not strictly follow the bankruptcy procedural rules for notice, the bankruptcy court's notice of hearing satisfied appellee's due process rights. The court's hearing notice was sent to RJM at two separate addresses. RJM argues that the address listing of "Suite 2" was incorrect, but did not argue that the address listing "Suite 224" was incorrect. As appellant argues, this address, listing "Suite 224," is the same address from which RJM sent a letter to the appellants. The bankruptcy court's notice of hearing specifically states the case number, the time and place of the hearing, and that the court would be considering the motion for sanctions filed by the debtor. The notice includes a statement in bold, capitol letters, that "If a

10

party fails to appear in person or by counsel the court may proceed with the scheduled hearing and may enter an appropriate order or judgment including dismissal of the pending matter." (Bankr. R. Doc. 18). Furthermore, the record on appeal does not reflect that any submissions to RJM, whether sent via electronic mail or via U.S. Mail were returned as undeliverable. Notably, appellee never asserts that it did not receive the Court's order against it, requiring it to pay $540 in damages. Furthermore, appellee does not support its claims that it did not receive service by including, with its brief, affidavits or other credible evidence.

The Court **FINDS**, therefore, that the notice of hearing sent to RJM's address fully satisfied RJM's due process rights in that it was reasonably calculated, under all the circumstances, to apprise RJM of the pending action, including the motion for sanctions against it, and notified it of the place, time, and date, where it could appear and present any arguments or objections.

Furthermore, if a party designates an address as one to which all notices should be sent, the party "has held this address out to be the proper address for service under Bankruptcy Rule 7004(b)(3). In addition, Bankruptcy Rule 2002(g), which provides service requirements for the types of applications specified under Bankruptcy Rule 2002, supports this finding." *In re Vill. Craftsman, Inc.*, 160 B.R. 740, 745 (Bankr. D.N.J. 1993). Rule 2002(g)(1) provides, "[n]otices required to be mailed under Rule 2002 to a creditor . . . shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case." Under Rule 2002(g)(2), "if a creditor . . . has not filed a request designating a mailing address under Rule 2002(g)(1) or Rule 5003(e), the notices shall be mailed to the address shown on the list of creditors or schedule of liabilities, whichever is filed later." Finally, under Rule 2002(g)(4) and (5):

> (4) Notwithstanding Rule 2002(g)(1)-(3), an entity and a notice provider may agree that when the notice provider is directed by the court to give a notice, the notice

11

provider shall give the notice to the entity in the manner agreed to and at the address or addresses the entity supplies to the notice provider. That address is conclusively presumed to be a proper address for the notice. The notice provider's failure to use the supplied address does not invalidate any notice that is otherwise effective under applicable law.

(5) A creditor may treat a notice as not having been brought to the creditor's attention under § 342(g)(1) only if, prior to issuance of the notice, the creditor has filed a statement that designates the name and address of the person or organizational subdivision of the creditor responsible for receiving notices under the Code, and that describes the procedures established by the creditor to cause such notices to be delivered to the designated person or subdivision.

Appellants argue that RJM's U.S. mail address and email address were provided to the bankruptcy court by the appellee itself, and in light of the rules cited above, the appellee cannot claim that service was improper. Appellee does not argue that it submitted to the court the name of an agent upon whom to direct service, or that it provided a different mailing or email address at which it would accept service.

Appellee, gives no excuse then, why it would have been unable to appear at the hearing and argue that it was not properly served with the motion, and make its other arguments in opposition to appellants' motion. Appellee simply did not do so, and provides no reason to the Court, and therefore has waived its right to argue improper service of the motion with respect to the bankruptcy court's procedural rules.

### C. RES JUDICATA

Appellee argues that appellants' claim for damages is barred by *res judicata* because the debtors claimed that they had disclosed all of their assets, received a no-asset discharge order from the bankruptcy court, and then brought a claim for damages, which they did not list in their bankruptcy petition as a potential asset. Appellee asserts that appellants are prohibited from proceeding in this manner, in that they are essentially adopting a position in a legal proceeding that

12

is contrary to a position they successfully argued in a previous legal proceeding. (Doc. 13 at 9, *citing Esparza*, 2011 WL 6820022 at *4).

Appellee's argument that res judicata bars appellants' claim for damages will not be considered by this Court because the issue was raised for the first time on appeal. *See Stone v. City of Indianapolis Pub. Util. Div.*, 28 F. App'x 573, 578, n.3 (7th Cir. 2002); S*ingh v. Gonzales*, 499 F.3d 969, 975 (9th Cir. 2007).

The Court notes, however, that even if the Court were to consider appellee's argument, it lacks merit. The Seventh Circuit has held that a claim for damages under § 362(k) survives the termination of the underlying bankruptcy. *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991); *see also In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) ("Requiring the dismissal of a § 362(k)(1) proceeding simply because the underlying bankruptcy case has been dismissed would not make sense. A court must have the power to compensate victims of violations of the automatic stay and punish the violators, even after the conclusion of the underlying bankruptcy case."); *In re Johnson*, 575 F.3d at 1084 ("Nothing in the Bankruptcy Code mandates dismissal of the § 362(k)(1) proceeding when the bankruptcy case is closed." Further, "[n]o part of § 362(k)(1) suggests that a claim exists only while the bankruptcy case remains pending.").

Appellee's argument that the failure to raise the potential "asset" of damages before a discharge is entered does not stand up to the relevant case law. This Court has not found a single case holding that a party moving for sanctions after the closure of his bankruptcy case must have reported a claim for damages under § 362 as a potential asset in order to bring the motion without violating *res judicata*.

In this case, appellants bankruptcy case had not been dismissed, nor had the case concluded,

but the bankruptcy court had entered a discharge order on April 25, 2011, three days before appellants filed their motion for sanction on April 28, 2011. The Court has been unable to locate any requirement that appellants' motion to enforce the stay was required to be filed before the bankruptcy discharge order was entered, and in light of the case law stating that sanctions actions can be brought even after a bankruptcy case is closed, the Court finds no reason to believe that appellants were precluded by *res judicata* from filing the motion as a result of the discharge order.

### D. REMAINDER OF APPELLEE'S ARGUMENTS

The remainder of appellee's brief directly relates to issues raised by appellants in their notice of appeal, or issues that can be inferred therefrom, and this Court may give full consideration to these arguments.

### LEGAL STANDARD

The Court must review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Thompson v. Gen. Motors Acceptance Corp., LLC*, 566 F.3d 699, 701 (7th Cir. 2009). "Whether the bankruptcy court erred by finding a willful violation of the stay is subject to the clearly erroneous standard." *Indiana Dep't of Revenue v. Williams*, 301 B.R. 871, 875 (S.D. Ind. 2003).

The Court reviews a bankruptcy court's imposition of sanctions under an abuse of discretion standard. *Patton v. Shade*, 263 B.R. at 864, *citing English v. Cowell*, 969 F.2d 465, 472 (7th Cir. 1992). "An abuse of discretion occurs when 'no reasonable person could take the view adopted by the lower court." *Patton*, 263 B.R. at 864, *quoting Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994).

## ANALYSIS

The first issue on appeal raised by appellants is whether the bankruptcy court applied the appropriate legal standard in awarding damages for violation of the automatic stay. To determine whether the bankruptcy court used the correct standard to assess damages, this Court must know the particular provision under which the bankruptcy court awarded damages in the first place. The issue is, therefore, whether the bankruptcy court awarded damages as a result of finding that RJM willfully violated the automatic stay in violation of § 362(k), or whether the bankruptcy court awarded damages pursuant to some other provision, such as its civil contempt power under 11 U.S.C. § 105(a), or simply its inherent powers.

Although appellants brought their motion seeking sanctions for the willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k), the bankruptcy court can provide relief via other avenues. Specifically, under 11 U.S.C. § 105, "Congress expressly grants court's [sic] independent statutory powers in bankruptcy proceedings to 'carry out the provisions of' the Bankruptcy Code through 'any order, process, or judgment that is necessary or appropriate.'" *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1553 (11th Cir. 1996) *quoting* 11 U.S.C. § 105. Additionally, "Section 105 aside, courts have inherent contempt powers in all proceedings, including bankruptcy, to 'achieve the orderly and expeditious disposition of cases." *Jove*, 92 F.3d at 1553 *quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003) (A court may remedy a violation of a specific order, including the automatic stay, pursuant to its civil contempt powers, while the inherent sanction authority is different in that is allows the court to "deter and provide compensation for a broad range of litigation tactics.").

The Court will first consider whether the bankruptcy court awarded damages pursuant to

§ 362 as a result of a willful violation. The bankruptcy code's stay provision prohibits a creditor from committing "any act to collect, assess, or recover a claim against the debtor" after a debtor has filed for bankruptcy. 11 U.S.C. § 362(a)(6). "A debtor is entitled to actual damages and attorneys' fees if he is 'is injured by any willful violation of a stay provided by this section' committed by a creditor." *Thompson*, 566 F.3d at 701 *quoting* 11 U.S.C. § 362(k)(1). Section 362 "protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group." *Price*, 947 F.2d at 831.

> A plaintiff seeking to recover damages under Bankruptcy Code section 362(k)(1) for willful stay violations must prove by a preponderance of the evidence that:
>
> (a) A bankruptcy petition was filed;
> (b) The aggrieved debtor is an "individual";
> (c) The creditor had notice of the petition;
> (d) The creditor's actions were willful and violated the stay; and
> (e) The debtor is entitled to a form of relief provided by Section 362(k).

*In re Kondritz*, Bankr. No. 10-12630-FJO-7, Adversary No. 10-50623, 2011 WL 2292292, at *4 (Bankr. S.D. Ind. June 8, 2011). A "willful" violation does not require a finding of specific intent of the creditor to violate the automatic stay, but the court must find that the creditors actions were intentional. *See In re Price*, 42 F.3d 1068, 1071 (7th Cir. 1994); *Patton*, 263 B.R. at 866. "Under § 362(h), 'willfulness' requires knowledge that a bankruptcy petition has been filed–whether through formal notice or otherwise." *Patton*, 263 B.R. at 866. Some cases have also required that the debtor allege harassment or coercion to succeed in proving a willful violation. *Id.*

"Even an innocent stay violation (one committed without knowledge of the stay) becomes willful, if the creditor fails to remedy the violation after receiving notice of the stay." *In re Schafer*, 315 B.R. 765, 775 (Bankr. D. Colo. 2004). Effectively, "the term 'willful' refers to the deliberateness of the conduct, coupled with knowledge of the filing." *Id.* "If a creditor violates the

16

automatic stay provision without knowledge that an active bankruptcy case is pending, the violation is technical." *In re Gossett*, 369 B.R. 361, 375 (Bankr. N.D. Ill. 2007).

The bankruptcy court's determination whether or not RJM's action was willful would be reviewed for clear error. An issue arises for this Court, however, because the bankruptcy court merely states that RJM "violated" the stay. The record is devoid of findings regarding whether RJM did or did not have knowledge of the bankruptcy petition, through formal notice or otherwise, and the bankruptcy court made no specific findings regarding willfulness, deliberateness, whether the actions were intentional, or actual injury. Without these findings, this Court cannot conduct meaningful review of the bankruptcy court's order.

This Court is only sure that the bankruptcy court found a violation of the stay. This violation could be either technical,[8] where RJM was without knowledge or did not act deliberately, or the violation could be willful, where RJM had knowledge but sent the letter anyway, and the debtors would be entitled to statutory relief. A review of the hearing transcript serves to further confuse matters, as the bankruptcy court alluded to the fact that sometimes creditors *technically* violate the stay as a consequence of our highly electronic world, but never specifically found that the creditor's actions in this case were not willful. (Bankr. R. Doc. 27 at 6).

Based upon the record, the bankruptcy court did not make clear what authority it used in awarding damages. The court never made a specific finding that the violation was willful or not, nor did the court refer to any statute or particular powers under which it was imposing sanctions, from which this Court could accurately and confidently infer its factual findings and legal

---

[8]Courts routinely find that damages need not be awarded for "technical" violations of the stay. *See In re Kondritz*, 2011 WL 2292292, at *5.

conclusions.

Notably, once an issue of fact is determined by the bankruptcy court, "the district court in review may only accept such findings or reject them as 'clearly erroneous;' the district court may not accept the findings of the bankruptcy court and then go on to make additional findings having the effect of contradicting the conclusions of the bankruptcy court." *Matter of Neis*, 723 F.2d 584, 589 (7th Cir. 1983). "Remand to the trial court for additional fact-finding is unnecessary if all the evidence is documentary, all the facts are on the record and undisputed or the record as a whole presents no genuine issues as to a material fact." *Matter of Neis*, 723 F.2d at 589.

Where the bankruptcy court's "findings of fact are not sufficiently clear or complete," the district court should not engage in additional fact-finding, but should, instead, remand to the bankruptcy court. *Matter of Neis*, 723 F.2d at 590. The findings from the Court below are essential in that damages pursuant to § 362(k) are considered mandatory, *Patton*, 263 B.R. at 866, while damages pursuant to contempt or inherent powers are considered discretionary. Accordingly, this Court would undertake different standards of review for each type of damage award. Based on the record currently before the Court, it cannot conduct meaningful review of the sanctions order without appropriate findings of fact or conclusions of law. *See In re Quality Healthcare*, 215 B.R. 543, 555 (Bankr. N.D. Ind. 1997). Therefore, the Court **FINDS** that a remand is appropriate in this case. The Court, therefore, **REMANDS** this case for the bankruptcy court to clearly state its findings, including its basis for imposing sanctions, and its reasoning therefore, and to impose sanctions in accordance with its rulings. The additional findings shall specifically address the nature of RJM's violation of the stay and the nature of the damages awarded. If, in fact, the bankruptcy court intended to impose sanctions pursuant to § 362(k), the court must make the appropriate

18

findings and award attorneys fees in accordance with the statute.[9] Section 362(k) specifically provides that actual damages, including attorneys fees and costs *shall* be awarded, in accordance with the appropriate showing of such damages. The bankruptcy court has discretion to determine the reasonableness of the fees and costs, but the statute requires the court to award the actual damages reasonably incurred as a result of the violation. *See In re Stainton*, 139 B.R. 232, 235 (B.A.P. 9th Cir. 1992). The bankruptcy court may also award punitive damages pursuant to the statute, should the appropriate showing be made.

If the bankruptcy court intended to award damages pursuant to other powers, it should so state.

## CONCLUSION

This case is **REMANDED** to the bankruptcy court for proceedings not inconsistent with this opinion.

**IT IS SO ORDERED.**

**DATE:** **March 19, 2012**

                                           **/s/ WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**

---

[9]"If the actions of the creditor are shown to be willful, then actual damages can be awarded if evidence exists which supports the award of a definite amount, not predicated on speculation. A party must demonstrate the amount of damages it has incurred with reasonable certainty." *In re Galmore*, 390 B.R. 901 at *8 (Bankr. N.D. Ind. 2008).